IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARVIN TAWNEY,

    Plaintiff,

    v.

AC&R INSULATION CO., INC.,
et al.,

    Defendants.

CIVIL NO.: WDQ-13-1194

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Marvin Tawney sued CBS Corporation f/k/a Viacom Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation ("Westinghouse") and numerous other companies (collectively, the "Defendants") in the Circuit Court for Baltimore City for negligence and other claims related to Tawney's exposure to asbestos. Westinghouse removed the action. Tawney moved to remand. Also pending is Higbee, Inc.'s ("Higbee") motion to dismiss for lack of personal jurisdiction. No hearing is necessary. See Local Rule 105.6 (D. Md. 2011). For the following reasons, the Court will deny Tawney's motion to remand and grant Higbee's motion to dismiss.

I.  Background[1]

Tawney worked as an electrician, maintenance man, boiler repairman, pipefitter, and laborer and was exposed to asbestos products from 1964 to 2008. ECF No. 2 ¶ 4. Tawney developed lung cancer from his exposure to asbestos. *Id.* ¶ 8. Higbee is a New York corporation with its principal place of business in Syracuse, New York. ECF No. 26, Ex. 1 ¶ 3.

On November 19, 2012, Tawney sued the Defendants in the Circuit Court for Baltimore City, alleging strict liability, breach of warranty, negligence, aiding and abetting and conspiracy. ECF No. 2 ¶¶ 3-26. On December 12, 2012, Westinghouse and GE were served with the complaint. The complaint alleged that "[d]uring portions of his working life as an electrician, maintenance man, boiler repairman, pipefitter, and laborer, [he] worked at industrial and commercial sites, including but not limited to the U.S. Marine Corp in various locations," and Bethlehem Steel Shipyard, Maryland Dry Dock,

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
   On a motion to remand, the facts are viewed in the light most favorable to the party seeking remand. *Booth v. Furlough, Inc.*, 995 F. Supp. 629, 630 n.1 (E.D. Va. 1998); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Accordingly, the facts are presented in the light most favorable to Tawney.

various maintenance companies, and a pump company, located in Maryland. ECF No. 2 ¶ 4. The complaint further alleged that Tawney "worked with and/or was exposed to asbestos products that were manufactured, supplied and/or installed by the Defendants from 1964 until 2008." *Id.*

On April 12, 2013, Tawney answered the Defendants' Master Set of Interrogatories. ECF No. 1 ¶ 3; ECF No. 41-2. In response to Interrogatory No. 9, Tawney stated that he had been a Lance Corporal in the U.S. Marine Corps at various locations and aboard the *USS Boxer* from 1964 to 1965. ECF No. 41-2 ¶ 9. He further states that "[u]pon information and belief, [he] was exposed to asbestos-containing products including, but not limited to, boilers, turbines, steam traps, pumps, valves, gaskets and packing" while working aboard the *USS Boxer*. *Id.*

On April 23, 2013, Westinghouse removed the lawsuit to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). ECF No. 1. Westinghouse asserted that it acted under the direction and control of the U.S. Navy in manufacturing and designing turbines and related equipment. *Id.* ¶ 9. On April 29, 2013, GE joined Westinghouse's removal of the action. ECF No. 56. On May 7, 2013, Tawney moved to remand on the basis of untimely removal. ECF No. 106. On May 7, 2013, Westinghouse opposed the motion. ECF No. 109. On May 10, 2013,

Tawney replied. ECT No. 116. On May 15, 2013, GE also opposed the motion to remand. ECF No. 127.

II. Analysis

    A.    Legal Standard

        1.    Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. The party asserting the claim bears the burden of proving personal jurisdiction. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court determines the issue of personal jurisdiction without an evidentiary hearing, and relies only on the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the *prima facie* showing has been made, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

        2.    Removal

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides that an action brought in state court may be removed by any federal officers or their agents "for or relating to any act under color of such office." Removal is

proper under this section if (1) the defendant acted under the direction of a federal officer, (2) the defendant has a colorable federal defense to plaintiff's claim, and (3) there is a causal nexus between the plaintiff's claim and the acts performed by the defendant under the color of federal office. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Congress's decision to permit persons acting under the color of federal office to litigate their federal defenses in federal court "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan*, 451 U.S. 232, 242 (1981).

To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In determining when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and the documents exchanged in the case by the parties." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The Court need not "inquire into the subjective

5

knowledge of the defendant," but must consider only whether grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." *Id.* If details are "obscured or omitted" or "inadequately" stated, the defendant will not be charged with knowledge of removability. *Id.*

B. Higbee's Motion to Dismiss

1. Personal Jurisdiction

To exercise personal jurisdiction over a nonresident defendant, a district court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute, and (2) the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Carefirst of Md., Inc.*, 334 F.3d at 396. Maryland has construed the state's long-arm statute as coextensive with the scope of jurisdiction allowable by due process. *See Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 486 (Md. 2006). "Although the statutory and constitutional inquiries merge, the Court must address both elements in the personal jurisdiction analysis." *Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 698 (D. Md. 2012).

Courts have recognized two types of personal jurisdiction: general and specific. *Metropolitan Reg'l Info. Sys., Inc.*, 888 F. Supp. 2d at 699. To exercise general jurisdiction over a defendant, the defendant's activities in the state must be

"continuous and systematic." See ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). If the cause of action arises out of the defendant's minimum contacts with the forum, the court may exercise specific jurisdiction.[2] Maryland's long-arm statute limits specific jurisdiction to claims "arising from any act enumerated [in the statute]." Md. Code Ann., Cts. & Jud. Proc. § 6-103(a). A plaintiff must identify a Maryland statutory provision authorizing jurisdiction. Metropolitan Reg'l Info. Sys., Inc., 888 F. Supp. 2d at 698 (internal quotation marks omitted).

Due process requires that the defendant have "minimum contacts" with the State such that maintaining the suit "does not offend traditional notions of fair play and substantial justice."[3] In determining whether the exercise of specific jurisdiction comports with due process, a court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise

---

[2] See Municipal Mortg. & Equity v. Southfolk Apartments Ltd. P'ship, 93 F. Supp. 2d 622, 626 (D. Md. 2000) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

[3] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (quoting Int'l Shoe Co. v. Washington, 236 U.S. 310, 316 (1945)) (internal quotation marks omitted).

of personal jurisdiction would be constitutionally reasonable." *Carefirst of Md., Inc.*, 334 F.3d at 397. Both general and specific jurisdiction requires that the defendant purposefully avail itself of the privilege of conducting activities within the forum state.[4] The mere placement of products into the stream of commerce is not an act purposefully directed at the forum state as required by due process.[5]

Here, Tawney does not address whether the Court should exercise general or specific jurisdiction over Higbee. Instead, Tawney argues that the motion to dismiss is premature and discovery is necessary to determine whether there is personal jurisdiction. *See* ECF No. 27 at 2, 4. Higbee asserts in an affidavit that Higbee does not have sufficient contacts with Maryland, and there is no evidence of sales of any products to Tawney's listed employers or job sites.[6] Higbee further contends that Tawney is not entitled to jurisdictional discovery because

---

[4] *See CSR, Ltd. v. Taylor*, 983 A.2d 492, 505 (Md. 2009) (*citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[5] *St. Jarre v. Heidelberger Druckmaschinen, A.G.*, 19 F.3d 1430, at *3 (4th Cir. 1994) (*citing Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).

[6] Lawrence Higbee, President of Higbee, Inc., asserts that Higbee is not registered to do business in Maryland, does not have offices, employees, bank accounts, or real estate in Maryland, does not advertise in Maryland, has never sold products to any of the employers listed in Tawney's complaint, and has never sold asbestos products in Maryland. ECF No. 26, Ex. 1.

he has failed to establish a *prima facie* case of personal jurisdiction over Higbee. See ECF No. 30 at 4.

Tawney's complaint asserts that he was exposed to asbestos products "manufactured, supplied, and/or installed by the Defendants," and the Defendants "cause[d] such asbestos products to be sold and placed in the stream of commerce." ECF No. 8 ¶¶ 1, 4. The complaint contains no facts to support this bare allegation. Even if Tawney was exposed to asbestos products that Higbee had placed into the stream of commerce, it would be insufficient grounds for personal jurisdiction over Higbee.[7] The complaint does not allege that Higbee purposefully directed any actions toward Maryland.

In his opposition, Tawney includes four exhibits that he argues "provide some indicia that Higbee is subject to the jurisdiction of this Court." See ECF No. 27 at 6. Tawney's evidence in support of jurisdiction are: (1) an advertisement indicating that Higbee is "an approved fabricator and distributor" of several companies, which Tawney asserts supply asbestos products to the Navy;[8] (2) statements on Higbee's website that it has customers around the world and the business

---

[7] See *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-46 (4th Cir. 1994) (stream of commerce alone is insufficient, there must be affirmative conduct directed towards the forum state).

[8] ECF No. 27 at 6; ECF No. 27-2 at 5.

began in 1932;[9] (3) an internet posting by a third-party including "Higbee, Inc." on a list of "Gasket[] Companies Serving Maryland;"[10] and (4) Higbee's website listing an award from its customer RAB Products, which distributes products in Maryland.[11]

However, these facts do not establish a *prima facie* case for personal jurisdiction. The statements in Higbee's advertisement and on its website do not demonstrate any purposeful conduct directed toward Maryland; they only support Tawney's assertion that Higbee placed asbestos products into the stream of commerce during the relevant period. Placing products into the stream of commerce alone is insufficient for personal jurisdiction.[12] The list designating Higbee as a company serving Maryland was created by a third-party and does not provide facts indicating that Higbee has conducted business in Maryland. *See* ECF No. 27-2 at 12.

There is no evidence that Higbee designed products for the Maryland market, advertised in Maryland, established channels

---

[9] ECF No. 27 at 6; ECF No. 27-2 at 7.

[10] This list was created by the Industrial Quick Search Manufacturer Directory. ECF No. 27 at 7; ECF No. 27-2 at 12.

[11] ECF No. 27 at 7; ECF No. 27-2 at 15, 17.
[12] *See Lesnick*, 35 F.3d at 945 (no purposeful availment when defendant placed product into the stream of commerce with the expectation that it would be sold in forum state).

for providing regular advice to customers in Maryland, or marketed its products through a distributor who serves as its sales agent in Maryland. *See Asahi*, 480 U.S. at 112. Tawney has not provided evidence of either the continuous and systematic contacts with Maryland required for general jurisdiction or the purposeful conduct required for specific jurisdiction. Accordingly, Tawney has failed to prove a *prima facie* case for personal jurisdiction over Higbee.

    2.   Jurisdictional Discovery

The Court has broad discretion in determining whether to permit jurisdictional discovery. *Carefirst of Md., Inc.*, 334 F.3d at 403. Jurisdictional discovery "cannot simply be a fishing expedition."[13] Discovery is not warranted when "the pleadings contain[] no specific facts that could establish the requisite contacts with Maryland." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Here, neither the complaint nor the opposition provides facts that could establish

---

[13] *Haley Paint Co. v. E.I. Dupont De Nemours and Co.*, 775 F. Supp. 2d 790, 801 (D. Md. 2011) (quoting *Glass v. Volkswagen of Am., Inc.*, 172 F. Supp. 2d 743, 744 (D. Md. 2001)) (internal quotation marks omitted). *See also Carefirst of Md., Inc.*, 334 F.3d at 402 ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").

personal jurisdiction over Higbee. Accordingly, jurisdictional discovery is not appropriate.[14]

C. Tawney's Motion to Remand

Tawney asserts that the removal was untimely because the basis of removability was on the face of the complaint. ECF No. 106-1 at 1. Westinghouse argues that it did not receive notice of the availability of removal until Tawney answered interrogatories indicating that he was alleging asbestos exposure from Westinghouse equipment aboard a Navy ship during his service in the U.S. Marine Corps. ECF No. 109 at 3. Westinghouse contends that Tawney's complaint did not even mention the Navy, "much less allegations of asbestos exposure as a result of work around equipment aboard naval vessels." *Id.* at 5.

Federal officer removability must be "apparent within the four corners" of the complaint. *See Lovern*, 121 F.3d at 162.

---

[14] Tawney cites *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005), *Androutsos v. Fairfax Hospital*, 594 A.2d 574 (Md. 1991), and *Combs v. Bakker*, 886 F.2d 673 (4th Cir. 1989), to support its argument that it is entitled to jurisdictional discovery. *See* ECF No. 27 at 4-6. However, these cases are distinguishable because the plaintiff in each made a sufficient *prima facie* showing or provided some indicia that the defendant was subject to personal jurisdiction to survive the jurisdictional challenge. *See Commissariat A L'Energie Atomique*, 395 F.3d at 1323 (plaintiff established prima facie case); *Androutsos*, 594 A.2d at 577 (defendant's advertisement directed at forum state sufficient indicia of personal jurisdiction); *Combs*, 886 F.2d at 676 (plaintiff established prima facie case).

Recent decisions in this district have held that the identities of the specific U.S. Navy ships on which a plaintiff was allegedly exposed to the defendant's asbestos products first provided adequate notice of removal.[15] "[T]he thirty-day clock of federal officer removability begins ticking when the initial pleading or other appropriate paper reveals the nexus between the plaintiff's claims and the actions allegedly taken by the defendant under the direction of a federal officer." *Houser*, 2013 WL 3364377, at *4. Allegations that a plaintiff worked in the U.S. Coast Guard, the U.S. Armed Forces, the U.S. Government, or at private shipyards, have been found by this Court to be insufficient to provide notice of removability.[16]

Here, Tawney's complaint alleged that "[d]uring portions of his working life as an electrician, maintenance man, boiler

---

[15] *See Bing v. Alltite Gaskets*, No. GLR-12-458, 2012 WL 4764774, at *2 (D. Md. Oct. 5, 2012); *Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883, at *2 (D. Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets*, No. GLR-12-462, 2012 WL 4764901, at *2 (D. Md. Oct. 5, 2012); *Houser v. Ammco Tools, a/k/a Hennessey Indus., Inc.*, No. RDB-13-1179, 2013 WL 3364377, at *4 (D. Md. July 2, 2013).

[16] *See Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883, at *2 (D. Md. Oct. 5, 2012) (plaintiff's allegation the he worked as a welder for a private shipyard and the U.S. Coast Guard did not provide notice); *Houser v. Ammco Tools, a/k/a Hennessey Indus., Inc.*, No. RDB-13-1179, 2013 WL 3364377, at *4 (D. Md. July 2, 2013) (no notice when plaintiff alleged he worked for the U.S. Armed Forces and the U.S. Government); *Harper v. Alltite Gaskets*, No. WDQ-12-0460, 2012 WL 1555043, at *2 (D. Md. April 30, 2012) (plaintiff's allegation that he worked at a private shipyard did not provide notice).

repairman, pipefitter, and laborer, [he] worked at industrial and commercial sites including but not limited to the U.S. Marine Corp in various locations," and at Bethlehem Steel Shipyard, Maryland Dry Dock, various maintenance companies, a pump company, in Maryland. ECF No. 2 ¶ 4. Tawney argues that this allegation put Westinghouse on notice of removability. ECF No. 106-1 at 5. The complaint did not provide details of a nexus between Tawny, Westinghouse, any U.S. Navy vessel and his asbestos exposure. The complaint does not even contain the word "Navy." It was not apparent from the complaint that the action was removable under the federal officer statute.[17]

Tawney did not state a basis for federal officer removability until he answered the interrogatories on April 12, 2013. ECF No. 1 ¶ 3; ECF No. 41-2. Only then did Tawney allege that he had been exposed to asbestos products on board a Navy vessel, the *USS Boxer*. ECF No. 41-2 ¶ 9. On April 23, 2013, Westinghouse removed the action--11 days after it received the interrogatory answers. See ECF No. 1. Because Westinghouse removed within 30 days of receiving notice that the case was

---

[17] See, e.g., Hurley, 2012 WL 4764901, at *2 (defendant did not have notice when complaint omitted details of nexus with Navy vessels); Harper, 2012 WL 1555043, at *2 (same).

14

removable, the Court must deny Tawney's motion to remand. *See* 28 U.S.C. § 1446(b)(3).[18]

III. Conclusion

For the reasons stated above, Tawney's motion to remand will be denied, and Higbee's motion to dismiss will be granted.

___10/29/13___
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[18] GE's notice of joinder to removal of action, filed on April 29, 2013, is also timely. *See* ECF No. 56; 28 U.S.C. § 1446(b).