IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<pre>
                                   *
MARVIN TAWNEY,
                                   *
      Plaintiff,
                                   *
           v.
                                   *   CIVIL NO.: WDQ-13-1194
AC&R INSULATION CO., INC.,
et al.,                            *

      Defendants.                  *

 *    *    *    *    *    *    *    *    *    *    *    *    *
</pre>

MEMORANDUM OPINION

Marvin Tawney sued CBS Corporation f/k/a Viacom Inc.,
successor by merger to CBS Corporation f/k/a Westinghouse
Electric Corporation ("Westinghouse") and numerous other
companies[1] (collectively, the "Defendants") in the Circuit Court
for Baltimore City for negligence and other claims related to

---

[1] The other Defendants are:  AC&R Insulation Co., Inc.; Alcatel-
Lucent USA Inc.; Alco Products, LLC; Arvinmeritor, Inc.; Carrier
Corporation; Corporation Service Company; Crown Cork & Seal
Company Inc.; Eaton Electrical Corporation; Flowserve
Corporation; Foster Wheeler Energy Corporation; General Electric
Company; Georgia-Pacific LLC; Hampshire Industries, Inc.; HB
Fuller Company; Higbee, Inc.; Honeywell International, Inc.;
Hopeman Brothers Inc.; Ingersoll-Rand Company; John Crane Inc.;
Johnson Controls Inc.; Kaiser Gypsum Company; Kelsey-Hayes
Company; Koppers Inc.; Lofton Corporation; MCIC; Metropolitan
Life Insurance Co.; Premier Refractories and Chemical Inc.;
Quigley Company Inc.; Selby Batterby & Company; Siemens Energy &
Automation Inc.; Trane US Inc.; Union Carbide Corporation;
Universal Refractories Corporation; Viking Pumps, Inc.; York
International Corporation; Air & Liquid Systems Corporation; IMO
Industries Inc.; FMC Corporation; and Warren Pumps LLC. *See* ECF
No. 8.

Tawney's exposure to asbestos.  Westinghouse removed the action.
Pending is Tawney's motion to reconsider the Court's order
granting the motion to dismiss for lack of personal jurisdiction
filed by Higbee, Inc. ("Higbee").  No hearing is necessary.  *See*
Local Rule 105.6 (D. Md. 2011).  For the following reasons, the
Court will deny Tawney's motion to reconsider.

I.   Background

Tawney worked as an electrician, maintenance man, boiler
repairman, pipefitter, and laborer and was exposed to asbestos
products from 1964 to 2008.  ECF No. 2 ¶ 4.  Tawney developed
lung cancer from his exposure to asbestos.  *Id.* ¶ 8.  On
November 19, 2012, Tawney sued the Defendants in the Circuit
Court for Baltimore City, alleging strict liability, breach of
warranty, negligence, aiding and abetting and conspiracy.  ECF
No. 2 ¶¶ 3-26.  On February 27, 2013 Higbee moved to dismiss
based on lack of personal jurisdiction.  ECF No. 24.  On March
6, 2013, Tawney opposed the motion to dismiss.  ECF No. 27.  On
March 28, 2013, Higbee replied.  ECF No. 30.

On April 23, 2013, Westinghouse removed the lawsuit to this
Court under the federal officer removal statute, 28 U.S.C. §
1442(a)(1).  ECF No. 1.  On April 29, 2013, GE joined
Westinghouse's removal of the action.  ECF No. 56.  On May 7,
2013, Tawney moved to remand on the basis of untimely removal.
ECF No. 106.

On July 12, 2013, the deposition of Lawrence Higbee, the President of Higbee, Inc., was taken in a pending state court action. *See* ECF No. 190-1 at 5; ECF No. 190-2. On August 16, 2013, the deposition of James Corbo, a Higbee salesman, was taken in the same action. ECF No. 190-1 at 5; ECF No. 190-9.

On October 30, 2013, the Court issued a memorandum opinion and order granting Higbee's motion to dismiss and denying Tawney's motion to remand. *See* ECF Nos. 186, 187. On November 8, 2013, Tawney moved for reconsideration of the Court's order granting Higbee's motion to dismiss. ECF No. 190. On November 25, 2013, Higbee opposed the motion. ECF No. 198.

## II.  Analysis

### A.   Legal Standard

Under Rule 59(e),[2] the Court may grant a motion to alter or amend the judgment to:  (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).  "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674

---

[2] A motion for reconsideration filed within 28 days of the judgment is analyzed under Fed. R. Civ. P. 59(e).  *See MLC Auto., LLC v. Town of S. Pines*, 532 269, 280 (4th Cir. 2008). Because Tawney filed his motion within 28 days of the judgment, the Court will consider the motion under Rule 59(e).

3

F.3d 369, 378 (4th Cir. 2012). Rule 59(e) allows the district court to correct its errors and thereby avoid burdening the parties and appellate courts with unnecessary appellate proceedings. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (*citing Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

The standard for relief on the basis of newly discovered evidence is the same under Rule 59 or Rule 60. *See Boryan v. U.S.*, 884 F.2d 767, 771 (4th Cir. 1989). The moving party must show:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Id.* "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." *Id.* at 771-72.

Tawney seeks reconsideration of the order granting Higbee's motion to dismiss on the basis of "newly discovered evidence

relevant to the issue of personal jurisdiction." ECF No. 190-1 at 1. The Court's judgment granting Higbee's motion to dismiss was issued on October 30, 2013. *See* ECF Nos. 186, 187. The newly discovered evidence Tawney relies on are depositions of Higbee employees taken in a pending state court action on July 12, 2013, and August 16, 2013, over two months before the Court's ruling. *See* ECF No. 190-1 at 5. Tawney has provided no explanation why it did not bring this newly discovered evidence to the Court's attention in a motion for leave to file a surreply before the Court issued a judgment. Accordingly, Tawney has failed to provide "newly discovered" evidence in support of his motion for reconsideration.[3] The motion will be denied.

III. Conclusion

   For the reasons stated above, Tawney's motion to reconsider will be denied.

_7/24/14_
Date

_William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[3] *See, e.g., Srinivasan v. Snow*, 211 F. App'x 186, 191 (4th Cir. 2006) (affirming district court's denial of motion for reconsideration when the "newly discovered" evidence was affidavits prepared before the summary judgment hearing).